<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SANDRA PALLADINO, et al.,** | : |
| **Plaintiffs,** | : |
| | : Civil Action No. 13-1812 (ES) |
| v. | : |
| | : <u>**Opinion**</u> |
| **THE UNITED STATES OF AMERICA, et al.,** | : |
| **Defendants.** | : |

<u>**SALAS**</u>**,** <u>**DISTRICT**</u> <u>**JUDGE**</u>

Pending before this Court is Defendant United States of America's motion for summary judgment. (D.E. No. 46). The Court has jurisdiction over this case based on 28 U.S.C. § 1346(b). For the following reasons, Defendant's motion is **GRANTED.**

**I. F**ACTUAL **B**ACKGROUND[1]

On March 28, 2011, Plaintiff Sandra Palladino ("Plaintiff") tripped and fell over a metal signpost stub on a sidewalk adjacent to a commercial property. (D.E. No. 49, Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment ("Pl. Br.") at 1–2).[2] The ownership of this property and the identity of the entity that owed Plaintiff a duty of care are issues contested in this litigation. But neither issue rises to the level of being a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

---

[1] Except for those in dispute, the facts the Court considers are either stated by Plaintiff in her brief opposing the instant motion, (D.E. No. 49), or admitted by Plaintiff in her Response to Defendant's Statement of Material Facts, (D.E. No. 48). Defendant's Statement of Material Facts relies heavily on the Declaration of Thomas G. Morris, Director of the Office of Liquidation at the Small Business Administration, (D.E. No. 46), and its accompanying exhibits.

[2] Plaintiffs erroneously title the brief opposing the instant motion for summary judgment as opposing a motion to dismiss.

In 1989, pursuant to Section 301(d) of the Small Business Investment Act of 1958, 15 U.S.C. § 681(d), the United States Small Business Administration (the "SBA") licensed Trusty Capital, Inc., ("Trusty") to provide funding to small businesses. (*See* D.E. No. 46, Defendant's Brief in Support of its Motion for Summary Judgment ("Def. Br."), at 3). In October 2006, the United States filed a complaint, in the District Court for the Southern District of New York (the "Receivership Court"), against Trusty for "violat[ing] the terms of its small business investment company license." (D.E. No. 46, Defendant's Statement of Undisputed Material Facts ("Def. Stat. Mat. Facts"), ¶ 1). The Receivership Court took jurisdiction of Trusty and all of its property and appointed the SBA receiver for Trusty (the "Receivership"), (*see* Def. Stat. Mat. Facts ¶ 2), "for the purpose of identifying, marshaling, and liquidating the assets of Trusty for the benefit of the estate." (*Id.* ¶ 2).

As Receiver, the SBA cleared title to the commercial property at issue—property which had previously been foreclosed—in a Superior Court of New Jersey action. (*See id.* ¶ 3). Even with a clear title, the SBA could not sell the property at issue, and it subsequently entered into a settlement agreement with Yung Duk Hahn, the president of Trusty. (*See id.* ¶ 4). This agreement culminated in an order by the Receivership Court, which terminated the Receivership. (*See* D.E. No. 46, Declaration of Thomas Morris ("Morris Dec."), Ex. 5b). The Receivership Court "unconditionally transferred" control of Trusty and all of its assets back to Trusty, and "discharged [the SBA] as Receiver." (*See* Morris Dec. Ex. 5b ¶¶ 4, 7).

## II. LEGAL STANDARD

A court shall grant summary judgment, pursuant to Fed. R. Civ. P. 56(a), "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." On a summary judgment motion, the moving party must first show that no

genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *See id.* at 324. In presenting that evidence, the non-moving party must cite to specific facts in the records that establish a genuine issue of material fact, not merely "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Therefore, the non-moving party may not rest its opposition upon the mere allegations or denials in its pleadings. *See Celotex,* 477 U.S. at 322 n.3 (quoting Fed. R. Civ. P. 56(e)). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). That is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. ANALYSIS

> Actions against [a] receiver are in law actions against the receivership or the funds in the hands of the receiver, and [its] . . . misfeasances, negligences, and liabilities are official, and not personal, and judgments against [it] as receiver are payable only from the funds in [its] hands.

*McNulta v. Lochridge*, 141 U.S. 327, 332 (1891). "This statement of course means only that torts of a receiver are in principle compensable out of the assets of the estate in receivership . . . ." *Reading Co. v. Brown*, 391 U.S. 471, 478 n.7 (1968). The statement does not mean that "an action against the receiver personally . . . would never lie under any circumstances. *See In re VistaCare Grp., LLC*, 678 F.3d 218, 228 n.7 (3d Cir. 2012).

The record indicates that the only relevant relationship between the SBA and the commercial property at issue was that arising from the order by the Receivership Court, which appointed the SBA Receiver of Trusty and of the property. (*See* Morris Dec. Ex. 1 ¶ 1

3

(Receivership Court's order appointing the SBA Receiver); Morris Dec. Ex. 2 (naming, on the last recorded deed for property at issue, "THE U.S. SMALL BUSINESS ADMINISTRATION, *AS RECEIVER FOR* TRUSTY CAPITAL, INC." (emphasis added)).

The Receivership Court, however, subsequently terminated that receivership, ordering that "[c]ontrol of Trusty shall be unconditionally transferred and returned to its shareholder and former manager" and that the "SBA is discharged as Receiver." (*See* Morris Dec. Ex. 5b ¶¶ 4, 7). Thus, if "[a]ctions against the receiver are in law actions against the receivership or the funds in the hands of the receiver," no action can lie against the SBA, because the receivership has been terminated and none of Trusty's funds remain in the SBA's hands. *See McNulta,* 141 U.S. at 332.

It is uncontested that the Plaintiff's claim of negligence arose after the Receivership Court terminated the Receivership. Despite the Receivership Court's order terminating the Receivership, Plaintiff alleges that "Defendant attempted but failed to deliver its quitclaim deed to [Trusty]" and that "[i]n the absence of proof of delivery in fact, the property interest never transferred [back to Trusty]." (*See* Pl. Br. at 6). Plaintiff, however, does not "cit[e] to particular parts of materials in the record" and neither "show[s] that the materials cited [by Defendant] do not establish the absence . . . of a genuine dispute, [n]or that [Defendant] cannot produce admissible evidence to support the fact" at issue. *See* Fed. R. Civ. P. 56(c)(1)(A).

To the contrary, Exhibit 7 of the Morris Declaration, a letter mailed from the SBA to Trusty dated May 5, 2010, states:

> Enclosed please find the deed to the Jersey City Property transferred back from the Receiver for Trusty Capital, Inc. [ ] It is your responsibility to record the original deed.

(Morris Dec. Ex. 7). The letter provides a Certified Mail number and states "RETURN RECEIPT REQUESTED." (*See id.*). The fact that there is no "Postal Service 'green card' evidencing delivery" in the record, (*see* Pl. Br at 6), is inapposite. Plaintiff cites no contrary evidence suggesting that Trusty never received the deed. If Trusty had never received the deed, Plaintiff could have placed that fact in the record. And, regardless of whether "Defendant or the grantee ever recorded the deed," (*see id.*), "[t]he law is well settled that an unrecorded deed . . . is perfectly efficacious in passing title from grantor to grantee . . . ." *Siligato v. State*, 268 N.J. Super. 21, 28 (App. Div. 1993) (citations omitted). Finally, even if there were a technical problem with the transfer of the deed, the Receivership Court's order would bar Plaintiff's claim. When the Receivership Court terminated the receivership, it stated that the

> SBA is discharged as Receiver, and the SBA, its employees, officers, agents, contractors, attorneys, and any other person who acted on behalf of the Receiver, are hereby discharged and released of any and all claims, obligations, and liabilities, arising from or relating to the activities, conduct, management and operation of Trusty and the Trusty receivership estate upon notification and entry of this Final Order.

(Morris Dec. Ex. 5b ¶ 7). Nothing in this language, or elsewhere in the Receivership Court's order, suggests that the discharge does not also apply to claims of negligence. (*See id.* (The "SBA is . . . discharged and released of any and all claims.")). Thus, to the extent Plaintiff's claim of negligence against the SBA is a "claim[] . . . arising from or relating to the activities, conduct, management and operation of . . . the Trusty receivership estate," it is barred by the Receivership Court's order.

Plaintiff contends that the Receivership Court's order "erroneously discharged Defendant from its obligations before Defendant attempted to mail the quitclaim deed for the property on May 5, 2010." (D.E. No. 48, Plaintiff's Response to Defendant's Statement of Undisputed

5

Material Facts, ¶ 6). But Plaintiff does not cite any legal authority—or make any citation to the record—in support of this proposition. To be clear, it is the non-moving party's burden to cite to specific facts in the record that establish a genuine issue of material fact, not merely "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

Plaintiff has not "by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate[d] specific facts showing that there is a genuine issue for trial." *See Celotex,* 477 U.S. at 324. Thus, even if "[t]he evidence of [Plaintiff] is to be believed, and all justifiable inferences are to be drawn in [her] favor," *Anderson,* 477 U.S. at 255, the Court must grant summary judgment in favor of Defendant.[3]

Moreover, the Court enters summary judgment in favor of the SBA because the SBA was terminated as Receiver *prior* to the date of Plaintiff's injury, (*see* Morris Dec. Ex. 5b ¶ 4), and the Receivership Court's order clearly bars claims of the kind currently being brought by Plaintiff, (*see id.* ¶ 7).

## IV. CONCLUSION

For the above reasons, the Court GRANTS Defendant's motion for summary judgment. An appropriate order shall accompany this opinion.

*/s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] Because the Court decides the motion on its merits, it does not address Defendant's procedural argument that, because "Plaintiff's Certification of Counsel does not meet [the] requirement [in Fed. R. Civ. P. 56(e)]," the "Statement of Material Facts submitted by Defendant should be deemed undisputed." (*See* D.E. No. 52, Defendant's Reply to Plaintiff's Brief in Opposition, at 3).