<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDRA PALLADINO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al, <br><br> Defendants. | Civil Action No. 13-1812 (ES) (MAH) <br><br> MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court pursuant to its *sua sponte* Letter Order regarding subject matter jurisdiction. (D.E. No. 101). For the reasons discussed below, the Court dismisses the instant action for lack of subject matter jurisdiction without prejudice to Plaintiffs asserting their remaining claims in state court.

On March 22, 2013, Defendant United States of America removed the instant action from the Superior Court of New Jersey, Law Division, Hudson County to the United States District Court for the District of New Jersey in accordance with 28 U.S.C. § 2679. (*See* D.E. No. 1, Notice of Removal ¶ 6). According to the United States of America, Plaintiffs sought damages for alleged injuries sustained as the result of negligence against the U.S. Small Business Administration ("SBA"). (*Id.* ¶ 2). The United States of America goes on to allege that "[t]he SBA is a federal agency and thus part of the United States government, and its employees are thus employees of the United States of America." (*Id. ¶* 3).

Given this, the United States of America alleged that Plaintiffs' action was covered under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679. (*Id.* ¶ 4). As such, the United States of America argued that the District Court had proper subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b) which provides that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

On September 30, 2014, the United States of America was terminated. (D.E. No. 72).

Thereafter, Defendants City of Jersey City and Jersey City Department of Public Works filed a motion for summary judgment. (D.E. No. 91). Prior to ruling on the motion, the Court ordered the parties to address subject matter jurisdiction in light of the United States of America's termination. (D.E. No. 101).

In response, Plaintiff concedes that the Court no longer retains subject matter jurisdiction and that supplemental jurisdiction is unnecessary. Indeed, Plaintiffs assert that "their interests in a final resolution of their claims are best served in the Superior Court." (D.E. No. 102 at 2). Defendants do not oppose Plaintiffs' position.[1] (D.E. No. 103).

Based on the parties' positions, the Court concludes that it lacks subject matter jurisdiction. Accordingly, the Court dismisses the instant case without prejudice to Plaintiffs asserting their

---

[1] On July 12, 2016, Defendant City of Jersey City filed a letter in response to the Court's June 29, 2016 Letter Order. (D.E. No. 103). The letter indicates that it contains the position of Defendant City of Jersey City; it does not reference Defendant Jersey City Department of Public Works. However, a review of the docket indicates that Defendants are represented by the same attorney: Zahire D. Estrella, Assistant Corporation Counsel. The Court will construe the July 12, 2016 letter as the position of both Defendants.

remaining claims in state court. An appropriate Order shall accompany this Memorandum Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**